MR. JUSTICE WEBER,
dissenting:
I dissent from the majority opinion in its conclusion that there is substantial credible evidence to support the lower court’s determination of attorney’s fee.
Section 39-71-614, MCA, requires that an amount of an attorney’s fee must be based exclusively on the time spent. While the record supports the time determination of the Workers’ Compensation Court, I do not believe that the record meets the requirements of the last sentence of paragraph (1) of Section 39-71-614, MCA, which states:
“The hourly fee the judge applies to the time spent must be based on the attorney’s customary and current hourly fee for legal work performed in this state.”
The affidavit of Robert C. Kelleher, Sr., dated May 2, 1985, established that Robert E. Kelleher, Jr., passed the Montana and California bar exams in 1984, and detailed various experience which he had. In addition it stated the following:
“. . . that because all of the work of said OFFICE is on a contingent fee basis, an hourly rate has to be set on the basis of overhead, attorney’s skills, and the fact that occasionally a case is lost, resulting in the OFFICE absorbing not only lost attorney and staff salaries but invariably several thousand dollars in costs for medical exams, medical consultations, medical expert witness fees, vocational rehabilitation expert studies and attorney consultations, vocational rehabilitation expert witness fees, deposition charges, air plane fares, motel bills, long distance telephone calls, copying, etc.; that the hourly rate of Robert L. Kelleher, Jr., has a value of $125.” *369 The statement that the hourly rate has a value of $125 does not meet the statutory requirement that the hourly fee which the judge applies must be based upon the attorney’s “customary and current hourly fee for legal work performed in this state.” It may well be that this deficiency resulted in part from the recent amendment to Section 39-71-614, MCA, which took effect one day prior to the findings of fact and conclusions of the court.
In addition, I conclude that the affidavits submitted by the attorneys for the insurance company are not satisfactory because they set forth the customary and current hourly fee for defense legal work which may be significantly different than plaintiffs work in this type of case.
I would therefore reverse the determination by the Workers’ Compensation Court and remand the case with instructions for a redetermination of the fee in accordance with the provisions of the statute.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE GULBRANDSON join in the foregoing dissent of MR. JUSTICE WEBER.